1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

TAMMY RENEE SMART,

NO.  C15-1689RSL

9

Plaintiff,

10

v.

11

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

12

13

Defendant.

ORDER AFFIRMING
COMMISSIONER'S DECISION
AND DISMISSING CASE

14

Plaintiff Tammy Renee Smart appeals the final decision of the Commissioner of the

15

Social Security Administration ("Commissioner"), which denied her application for

16

Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C.

17

§§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set

18

forth below, the Commissioner's decision is AFFIRMED.

19

I.      FACTS AND PROCEDURAL HISTORY

20

Plaintiff is a 42-year-old woman with a GED. Administrative Record ("AR") at 518,

21

527. Her past work experience was as a cashier and a mail sorter. AR at 523. Plaintiff was last

22

gainfully employed in July of 2005. Id.

23

24

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 1

1    Plaintiff protectively filed an application for SSI on July 29, 2008. AR at 13. Plaintiff

2  asserted that she was disabled due to high blood pressure, osteoarthritis, anxiety, panic attacks,

3  and back pain. AR at 522.

4    The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 13.

5  After two unfavorable decisions that were remanded by the Appeals Council, plaintiff had a

6  third hearing that took place on March 3, 2015. AR at 13-14. On April 22, 2015, the ALJ

7  issued a decision finding that plaintiff was not disabled based on his finding that plaintiff could

8  perform specific jobs existing in significant numbers in the national economy. AR at 13-24.

9  Plaintiff's request for review by the Appeals Council was denied on August 26, 2015 (AR at 1-

10  7), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by

11  42 U.S.C. § 405(g). On October 27, 2015, plaintiff timely filed the present action challenging

12  the Commissioner's decision. Dkt. No. 3.

13                    II.        STANDARD OF REVIEW

14    Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

15  social security benefits when the ALJ's findings are based on legal error or not supported by

16  substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th

17  Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

18  such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

19  Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750

20  (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in

21  medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala,

22  53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a

23  whole, it may neither reweigh the evidence nor substitute its judgment for that of the

24  Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 2

1    susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

2    must be upheld. Id.

3                              III.    EVALUATING DISABILITY

4            As the claimant, Ms. Smart bears the burden of proving that she is disabled within the

5    meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.

6    1999). The Act defines disability as the "inability to engage in any substantial gainful activity"

7    due to a physical or mental impairment which has lasted, or is expected to last, for a

8    continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant is

9    disabled under the Act only if her impairments are of such severity that she is unable to do her

10   previous work, and cannot, considering her age, education, and work experience, engage in any

11   other substantial gainful activity existing in the national economy.  42 U.S.C.

12   § 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

13           The Commissioner has established a five-step sequential evaluation process for

14   determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R.

15   § 416.920. The claimant bears the burden of proof during steps one through four. At step five,

16   the burden shifts to the Commissioner. Id. If a claimant is found to be disabled at any step in

17   the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks

18   whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

19   § 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds

20   to step two. At step two, the claimant must establish that she has one or more medically severe

21   impairments, or combination of impairments, that limit her physical or mental ability to do

22   _____

23           [1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves
     significant physical and/or mental activities, and gainful, *i.e.*, performed for profit.  20 C.F.R.
     § 416.910.

24

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 3

basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. § 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. § 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. § 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(g); Tackett, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

IV.    DECISION BELOW

On April 22, 2015, the ALJ issued a decision finding the following:

1.    The claimant has not engaged in substantial gainful activity since July 1, 2008, the application date (20 C.F.R. § 416.971 *et seq*.).

2.    The claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine; anxiety; depression; obesity; right carpal tunnel syndrome; and history of substance abuse (20 C.F.R. § 416.920(c)).

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 4

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b) except she is limited to standing and walking for one hour at a time, with rest for a few minutes while staying at the workplace throughout an eight-hour day. She can stand and walk for a total of four hours in an eight-hour workday. She can sit for one hour at a time, after which she must change position (but remain at the workplace); that could mean changing position while seated. She can sit a total of six hours in an eight-hour workday. She is capable of frequent reaching, handling, fingering, and feeling. She can perform occasional overhead reaching. She can never climb ropes, ladders, scaffolds. She cannot work at any height or near dangerous machinery. She can concentrate in two-hour increments with the usual customary breaks throughout an eight-hour workday. She can have no contact (except incidental contact) with the public. She can have telephone contact with the public without restriction. She can work in proximity with co-workers but not in coordination with them.

5. The claimant is unable to perform any past relevant work (20 C.F.R. § 416.965).

6. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969(a)).

7. The claimant has not been under a disability, as defined in the Social Security Act, since July 1, 2008, the date the application was filed (20 C.F.R. § 416.920(g)).

AR at 16-23.

## V.     ISSUE ON APPEAL

The issue on appeal is whether the ALJ erred in evaluating the medical evidence in the record. Dkt. 13 at 1.

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 5

1

VI.   DISCUSSION

2

Plaintiff argues that the ALJ erred in evaluating the opinions of several medical

3

professionals in the record. See Dkt. 13 at 3-16. The ALJ is responsible for determining

4

credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v.

5

Chater, 157 F.3d 715, 722 (9th Cir. 1998). In resolving questions of credibility and conflicts in

6

the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Id. at 725.

7

The ALJ can do this "by setting out a detailed and thorough summary of the facts and

8

conflicting clinical evidence, stating his interpretation thereof, and making findings." Id.

9

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

10

opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.

11

1996). Even when a treating or examining physician's opinion is contradicted, that opinion

12

"can only be rejected for specific and legitimate reasons that are supported by substantial

13

evidence in the record." Id. at 830-31.

14

A.   Examining Psychologist – Margaret Cunningham, Ph.D.

15

Plaintiff argues that the ALJ improperly discounted the opinion of examining

16

psychologist Margaret Cunningham, Ph.D. See Dkt. 13 at 3-6. The Court disagrees.

17

Dr. Cunningham performed a psychological evaluation of plaintiff on October 30,

18

2012. See AR at 951-63. Dr. Cunningham opined that plaintiff had marked to severe

19

limitations in 13 areas of mental functioning, including making simple work-related decisions

20

and performing routine tasks without supervision. See AR at 955. The ALJ gave this opinion

21

little weight because, among other reasons, Dr. Cunningham's own findings were inconsistent

22

with such profound restrictions. See AR at 22.

23

An ALJ need not accept the opinion of a physician if it is inadequately supported by

24

clinical findings. See Batson v. Comm'r, Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir.

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 6

2004). Here, Dr. Cunningham performed a Mental Status Examination ("MSE"), on which plaintiff scored 42 out of 50. See AR at 959. Plaintiff was able to successfully complete the vast majority of tasks testing orientation, attention, language, following directions, and general knowledge. See id. These normal findings were inconsistent with Dr. Cunningham's ultimate opinion. For example, Dr. Cunningham found that plaintiff would have marked limitations following short and simple instructions, but plaintiff achieved a near-perfect score on the "following directions" portion of the MSE. See AR at 955, 959. Dr. Cunningham nowhere else explained why plaintiff would have such extreme limitations despite her performance on the objective testing. See AR at 951-58. Therefore, the ALJ provided a specific and legitimate reason supported by substantial evidence to discount Dr. Cunningham's opinion and incorporate mental restrictions into the RFC that were less extreme.

B.  Examining Psychologists – Anselm Parlatore, Ph.D., and Holly Petaja, Ph.D.

Plaintiff argues that the ALJ erred in evaluating the opinions of examining psychologists Anselm Parlatore, Ph.D., and Holly Petaja, Ph.D. See Dkt. 13 at 6-10. The Court disagrees.

Dr. Parlatore performed a psychological evaluation of plaintiff on November 15, 2007. See AR at 683-87. Dr. Parlatore opined that plaintiff was moderately to markedly impaired in terms of stress, focus, concentration, pace, persistence, and her ability to carry out specific tasks in a timely and consistent manner. See AR at 686. Dr. Petaja performed a psychological evaluation of plaintiff on March 20, 2011. See AR at 906-14. Dr. Petaja opined that plaintiff had marked difficulties with performing in a work setting with even limited public contact and with maintaining appropriate behavior in a work setting, as well as moderate difficulties in several other areas. See AR at 909.

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 7

The ALJ adopted the analysis found in the prior remanded decision of all medical opinions other than Dr. Cunningham's. See AR at 21. In the prior decision, the ALJ discounted the opinions of Dr. Parlatore and Dr. Petaja because, among other reasons, they were inconsistent with plaintiff's performance on MSEs. See AR at 254. An ALJ may discount the opinion of a physician where it is inconsistent with clinical findings or the medical record as a whole. See Batson, 359 F.3d at 1195. For example, plaintiff scored 29 out of 30 on the mini-MSE administered by Dr. Petaja, and Dr. Petaja observed normal orientation and thought processes, cooperative attitude, fair memory and concentration, and intact abstract reasoning. See AR at 911-13. As discussed above, plaintiff had similarly normal results on the MSE administered by Dr. Cunningham. See AR at 959. The results from these objective tests were inconsistent with limitations to which Dr. Parlatore and Dr. Petaja opined. Therefore, the ALJ gave a sufficient a reason to discount these opinions.

C.   Consultative and Treating Physicians – Jerry Rusher, M.D., Franklin Bjorseth, M.D., Midori Larrabee, M.D., and Gary Schillhammer, M.D.

Plaintiff argues that the ALJ erred in evaluating the opinions of four physicians – Jerry Rusher, M.D., Franklin Bjorseth, M.D., Midori Larrabee, M.D., and Gary Schillhammer, M.D. – regarding plaintiff's physical capabilities. See Dkt. 13 at 10-16. The Court disagrees.

These physicians each provided opinions about plaintiff's physical capabilities that found her to be limited in her ability to sit and stand, perform postural activities, lift, use her hands and arms, or walk without a cane. See AR at 676-82, 758-59, 892-904, 918-22.

The ALJ in the prior decision gave these physicians' opinions little weight because they were inconsistent with plaintiff's treatment history and the objective clinical findings in the record, which established that plaintiff was neurologically intact. See AR at 254. The record shows that plaintiff repeatedly exhibited normal range of motion, no motor weakness, intact

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 8

musculoskeletal functioning, and full strength in her extremities. See, e.g., AR at 660, 723, 737, 821, 979, 1007, 1049, 1170, 1202, 1235. Though plaintiff used a cane on occasion, she was found to have a normal gait requiring no assistive devices at repeated visits to treatment providers. See, e.g., AR at 1170, 1193, 1207, 1230, 1240. Also, an electromyogram showed only mild to moderate carpal tunnel syndrome, and plaintiff repeatedly exhibited normal hand and wrist strength. See, e.g., AR at 1112-13, 1202, 1220, 1231, 1240, 1254. Therefore, substantial evidence supported the ALJ's decision to afford limited weight to the opinions of the consultative and treating physicians who opined to greater physical limitations.

## VII.   CONCLUSION

For the foregoing reasons, the decision of the Commissioner is AFFIRMED. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 24th day of May, 2016.

Robert S. Lasnik
United States District Judge

ORDER AFFIRMING COMMISSIONER'S
DECISION AND DISMISSING CASE - 9